Case 3:21-cv-00026 Document 1-2 Filed on 02/05/21 in TXSD Page 1 of 19

Filed
12/30/2020 2:27 PM
Patti L. Henry District Clerk
Chambers County, Texas
By: _Linda Haynes_ Deputy

CAUSE NO. 20DCV0888

| | | |
|---|---|---|
| BLESSEDVU, LLC DBA AMERICAS BEST VALUE INN AND SUITES, | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| v. | § § | ____ JUDICIAL DISTRICT |
| PALOMAR SPECIALTY INSURANCE COMPANY, | § § § | |
| Defendant. | § | CHAMBERS COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Blessedvu, LLC dba Americas Best Value Inn and Suites files this Original Petition against Defendant, Palomar Specialty Insurance Company and would respectfully show the Court the following:

### I. DISCOVERY LEVEL

Pursuant to Rule 190 of the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery under Level 3.

### II. VENUE

Venue is appropriate in Chambers County, Texas because all or part of the conduct giving rise to the causes of action were committed in Chambers County, Texas and the property which is the subject of this suit are located in Chambers County, Texas.

### III. PARTIES

Plaintiff, Blessedvu, LLC dba Americas Best Value Inn and Suites owns the buildings and other improvements comprising the property located at 134 Spur 5, Winnie, TX 77665, which is located in Chambers County, Texas, and are at issue in this lawsuit ("the Property").

**EXHIBIT 2**

Defendant, Palomar Specialty Insurance Company ("Insurance Defendant") is an insurance company regularly engaged in the business of insurance in the State of Texas. The insurance business done by Insurance Defendant in Texas includes, but is not limited to, the following:

- the making and issuing of contracts of insurance with Plaintiff;

- the taking or receiving of applications for insurance, including Plaintiff's application for insurance;

- the receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from Plaintiff; and

- the issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including Plaintiff.

Defendant PALOMAR SPECIALTY INSURANCE COMPANY may be served with process by serving its registered agent for service: CT Corporation System, 19999 Bryan Street, Suite 900, Dallas, Texas 75201-3140. ***Plaintiff requests that citation be issued and that service be made by certified mail, return receipt requested.***

## IV. NATURE OF THE CASE; RELIEF SOUGHT

This is a first-party insurance case stemming from extensive damage to Plaintiff's Property caused by Tropical Storm Imelda on or about September 19, 2019. Plaintiff seeks damages for breach of contract, violations of the Texas Insurance Code, and common law bad faith. Plaintiff also seeks its attorney's fees, statutory penalties, exemplary damages, costs of court, and pre- and post-judgment interest. As required by Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $1,000,000.

## V. BACKGROUND FACTS

Plaintiff owns the Property located at 134 Spur 5, Winnie, TX 77665. Plaintiff's Property is covered by a policy of insurance, Policy No. CPARP-19-1007337-00 issued by Palomar Specialty Insurance Company (the "Policy"). The Policy covered Plaintiff's Property against losses by caused by a Named Storm, wind and water damage, and other perils.

As the consequence of a storm on or about September 19, 2019, Plaintiff's Property sustained extensive damage.

Plaintiff gave timely notice to Insurance Defendant, and has performed all conditions precedent to its recovery under the Policy.

Defendant assigned the claim to an adjuster(s) to investigate, report on and adjust the losses.

Plaintiff provided all requested information to the adjuster(s) and opportunities for the adjuster(s) to inspect the property.

Plaintiff has suffered property damage which Defendant has failed and refused to pay Plaintiff in accordance with its promises under the Policy. Rather than conducting a complete, full and fair investigation, Defendant conducted a results-oriented investigation designed to undervalue the claim, and further violated the terms of the insurance policy by failing to pay for all of the covered damage caused by the storm.

During its investigation of Plaintiff's losses, Defendant retained Unified Building Sciences & Engineering, Inc. to investigate Plaintiff's claim, including whether the roof and interior of the Property had been damaged by Tropical Storm Imelda. Defendant and Unified Building Sciences & Engineering, Inc. conducted a results-oriented, myopic investigation to conclude that although significant water had entered the building envelope, the storm did not damage the roof, thereby

drastically reducing Defendant's exposure under the policy. By contrast, Plaintiff's own independent engineers and estimator concluded that the roofing systems had sustained extensive damage, including storm-created openings which allowed water intrusions into the interior, requiring replacement of the roofs, interior and other repairs.

Defendant has failed to make an attempt to settle Plaintiff's claim in a fair manner, although its liability to the Plaintiff under the Policy is without dispute. This conduct is a violation of Tex. Ins. Code Sec. 541.060(a)(2)(A).

Defendant failed to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for its denial of Plaintiff's claim. This conduct is a violation of Tex. Ins. Code Section 541.060(a)(3).

Defendant refused to fully compensate Plaintiff under the terms of the Policy and failed to conduct a reasonable investigation. Insurance Defendant and its adjuster(s) performed a result-oriented investigation of Plaintiff's claim which resulted in an unfair, biased and inequitable evaluation of Plaintiff's losses. This conduct is a violation of Tex. Ins. Code Sec. 541.060(a)(7).

Defendant and its adjuster failed to accept or deny Plaintiff's full and entire claim within the time period mandated by statute. This conduct is a violation of Tex. Ins. Code Sec. 542.056.

Defendant and its adjuster forced Plaintiff to file this suit by offering substantially less than the amount of covered damages. This conduct violates Texas Insurance Code § 542.003(b)(5) and 28 TAC § 21.203(5).

Defendant failed to meet its obligation under the Texas Insurance Code regarding payment of the claim without delay. This conduct is a violation of Tex. Ins. Code Sec. 542.058.

## VI. CLAIMS AGAINST DEFENDANT

**Declaratory Judgment.**  Plaintiff re-alleges the foregoing paragraphs. Pursuant to the Texas Declaratory Judgment Act, Plaintiff seeks a declaration that the Policy provides coverage for the cost to repair the damaged property and personal property, less only a deductible, among other things. In the alternative, Plaintiff asserts that the Policy is ambiguous and must be interpreted in favor of coverage and against Defendant.

**Breach of Contract.**  Plaintiff re-alleges the foregoing paragraphs. The acts and omissions of Defendant and its agents constitute a breach and/or anticipatory breach of Defendant's contract with Plaintiff.  Plaintiff has satisfied all conditions precedent to the fulfillment of its contractual demands. Accordingly, Plaintiff brings an action for breach of contract against Defendant pursuant to Texas statutory and common law, including Chapter 38 of the Texas Civil Practice and Remedies Code, and seeks all of its damages for such breach, including actual damages, consequential damages, attorneys' fees, prejudgment interest, other litigation expenses and costs of court.

**Violations of the Texas Insurance Code.**  Plaintiff re-alleges the foregoing paragraphs. At all pertinent times, Defendant was engaged in the business of insurance as defined by the Texas Insurance Code. The acts and omissions of Defendant and its agents constitute one or more violations of the Texas Insurance Code.  More specifically, Defendant has, among other violations, violated the following provisions of the Code:

1. Insurance Code chapter 542, the Prompt Payment Act.
2. Insurance Code § 541.060 by, among other things:
   - failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear;

- failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiff's claim; and/or

- refusing to pay Plaintiff's claim without conducting a reasonable investigation.

As a result of the foregoing conduct, which was and is the producing cause(s) of injury and damage to Plaintiff, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages. Moreover, one or more of the foregoing acts or omissions were "knowingly" made, entitling Plaintiff to seek treble damages pursuant to the Insurance Code. Defendant also has violated the Prompt Payment Act, and Plaintiff seeks statutory damages as a penalty, plus reasonable and necessary attorney's fees incurred as a result of these violations.

"**Common Law Bad Faith.**" Plaintiff re-alleges the foregoing paragraphs. Plaintiff is covered by the Policy, and Defendant is required to take reasonable actions in handling Plaintiff's claim. Defendant's actions were unreasonable under the circumstances. Defendant failed to deal fairly and act in good faith toward Plaintiff in handling Plaintiff's claim. Defendant's breach of the duty of good faith and fair dealing was the direct or proximate cause of damages sustained by Plaintiff.

Specifically, Defendant has refused to pay or delayed in paying a claim after liability has become reasonably clear. Insurance Defendant has refused to pay, delayed in paying or offered grossly inadequate and unconscionable sums to settle the claims submitted by Plaintiff. This constitutes a breach of its common law duty of good faith and fair dealing; *i.e.*, it is acting in "bad faith".

Moreover, Defendant has "investigated" and "adjusted" Plaintiff's claim in a malicious, intentional, and/or grossly negligent fashion, with disregard for its duty to deal fairly and act in

good faith with its insured. Accordingly, Plaintiff is entitled to extra-contractual damages, including exemplary damages.

Plaintiff has sustained serious damage to Plaintiff's Property as a result of Defendant's refusal to honor the Policy. Defendant is well aware that its actions involve an extreme risk that Plaintiff will suffer financial damage as a result of its refusal to honor its obligations, yet it is consciously indifferent to Plaintiff's rights. Plaintiff is entitled to recover its actual damages, consequential damages, punitive damages, and pre- and post-judgment interest.

**Attorney's fees.** Plaintiff re-alleges the foregoing paragraphs. Plaintiff has been required to engage the services of the undersigned attorneys and has agreed to pay its attorneys a reasonable fee for services expended and to be expended in the prosecution of its claims against Insurance Defendant through the trial court and all levels of the appellate process. Plaintiff seeks the recovery of all of its attorney's fees and expenses.

With respect to all causes of action asserted herein, Plaintiff seeks the recovery of prejudgment and post-judgment interest.

## VII. CONDITIONS PRECEDENT

All conditions precedent for Plaintiff to recover under the Policy have been or will be met.

## VIII. JURY DEMAND

Plaintiff requests that a jury be convened to try the factual issues in this action.

## IX. PLAINTIFF'S REQUEST FOR DISCLOSURE TO DEFENDANT PALOMAR SPECIALTY INSURANCE COMPANY

Pursuant to the Texas Rules of Civil Procedure 194, Defendant, Palomar Specialty Insurance Company is requested to disclose, within 50 days of service of this Request, the information or material described in Rule 194.2(a)-(i) and (l).

**X. PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT PALOMAR SPECIALTY INSURANCE COMPANY**

Pursuant to Rule 196 of the Texas Rules of Civil Procedure, Plaintiff serves this First Set of Requests for Production to Defendant, Palomar Specialty Insurance Company, and Defendant is requested to, within 50 days of service of this First Set of Requests for Production, provide written responses, including all responsive items, to Plaintiff's counsel, Matthew R. Pearson and Carrie D. Holloway of Pearson Legal, P.C., located at 425 Soledad, Suite 600, San Antonio, Texas 78205. Pursuant to Rule 196.3 of the Texas Rules of Civil Procedure, Defendant Palomar Specialty Insurance Company is to produce responsive documents either as they are kept in the usual course of business or organized and labeled to correspond with the categories in the requests.

The below definitions are incorporated into Plaintiff's First Set of Requests for Production, and Plaintiff relies on these definitions to clarify the language contained herein.

As to each of the specific Requests for Production, Plaintiff is **NOT** seeking documents and tangible things which are consulting-only expert privileged, attorney-client privileged and/or privileged work product.

**Definitions**

A.  Pursuant to Rule 192.3(b) of the Texas Rules of Civil Procedure, "Documents and Tangible Things" means: documents and tangible things (including papers, books, accounts, drawings, graphs, charts, photographs, electronic or videotape recordings, data, and data compilations) and specifically includes, but is not limited to, data or information that exists in electronic or magnetic form. Regarding any responsive data or information that exists in electronic or magnetic form, Plaintiff hereby requests that such data or information be produced in its Native format with an accompanying load file to provide all corresponding metadata, attachments, and

enclosures.  Please see the attached Exhibit 1 for further instructions on the form of production of ESI.

    B.    "You" and "Your" means the party to whom these requests are directed.

    C.    "Plaintiff's Property" means the buildings and other improvements located at 134 Spur 5, Winnie, Texas 77665, and insured by Insurance Defendant and at issue in Plaintiff's lawsuit.

    D.    "Claim File" means the Documents and Tangible Things that comprise and evidence the investigation, handling, and coverage decision(s) regarding the claim and losses regarding Plaintiff's Property made the basis of this lawsuit which were performed by Defendant, Palomar Specialty Insurance Company and/or its authorized agents and representatives.

    E.    "Underwriting File" means the Documents and Tangible Things that comprise and evidence the evaluation of Plaintiff's Property was performed by Defendant, Palomar Specialty Insurance Company and/or its authorized agents and representatives prior to insuring the property and/or at any time subsequent to Your original decision to insure Plaintiff's Property.

    F.    "Policy" means Policy No. CPARP-19-1007337-00 issued by Palomar Specialty Insurance Company to Plaintiff insuring Plaintiff's Property.

## PRODUCTION REQUESTS

1. Produce the complete Claim File regarding the losses and claims made the basis of this lawsuit.
2. Produce the complete Underwriting File.
3. Produce all Documents and Tangible Things comprising and/or evidencing communications by and between You and Your agents, adjusters, employees, and/or representatives regarding Plaintiff's Property.

4. Produce all Documents and Tangible Things comprising and/or evidencing communications by and between You and Your agents, adjusters, employees, and/or representatives regarding the losses and claim forming the basis of this lawsuit.

5. Produce all Documents and Tangible Things comprising the application(s) for insurance seeking coverage of Plaintiff's Property which were submitted by or on behalf of Plaintiff to You and/or Your agents and/or representatives.

6. Produce all Documents and Tangible Things comprising and/or evidencing any notes, logs, opinions, statements and/or inspections created by, made by, provided to, and/or considered by You during the application process(es) for the application(s) for insurance made by Plaintiff to You and/or Your agents and/or representatives.

7. Produce all Documents and Tangible Things sent to or received from Donald B. Pool, P.E. and/or any other persons of Unified Building Sciences & Engineering, Inc. as part of Your handling, investigation and/or determination of the losses and claim forming the basis of this lawsuit.

8. Produce Unified Building Sciences & Engineering, Inc.'s complete file regarding its investigation of Plaintiff's Property and the loss forming the basis of this lawsuit.

9. Produce all photos and video recordings of Plaintiff's Property taken by You and/or Your agents, adjusters, employees, and/or or representatives.

10. Produce all Documents and Tangible evidencing and/or establishing the date upon which You first anticipated this litigation.

## XI. P RAYER

WHEREFORE, Plaintiff seeks the following relief:

     A.    the Court's declaration that the Policy provides coverage for the damage to Plaintiff's property, less only a deductible;

     B.    alternatively, a ruling that the Policy is ambiguous and must be interpreted in favor of coverage and in favor of Plaintiff;

     C.    damages against Defendant for breach of contract, including actual damages, consequential damages, attorneys' fees, pre- and post-judgment interest, other litigation expenses, enhanced damages, and costs of court;

     D.    damages against Defendant for violations of the Texas Insurance Code, including without limitation economic damages, actual damages, consequential damages, treble damages, and reasonable and necessary attorneys' fees;

     E.    damages against Defendant for common law breach of the duty of good faith and fair dealing, including actual damages, consequential damages, exemplary damages, and pre- and post-judgment interest;

     F.    statutory damages, including the applicable percentage of damages penalty for violations of the Prompt Payment Act; and

     G.    any and all other relief and rulings to which Plaintiff may be legally or equitably entitled.

Respectfully submitted,

BY: _____
MATTHEW R. PEARSON
State Bar No. 00788173

      mpearson@pearsonlegalpc.com
      CARRIE D. HOLLOWAY
      State Bar No. 24028270
      cholloway@pearsonlegalpc.com
      PEARSON LEGAL, P.C.
      425 Soledad, Suite 600
      San Antonio, Texas  78205
      Telephone: (210) 732-7766
      Facsimile: (210) 229-9277

**ATTORNEYS FOR PLAINTIFF,
BLESSEDVU, LLC DBA AMERICAS BEST VALUE INN AND SUITES**

# EXHIBIT "1"

**REQUESTED FORMS AND FORMAT FOR DOCUMENT PRODUCTION**

1. Electronic Production of Paper Documents as Static Images

    To the extent we have requested the production of documents maintained in the ordinary course of business as paper, we request that such paper documents be scanned and produced as static images in the following format:

    a. Single page Black & White, Group 4 Tagged Image File Format (.TIF or .TIFF) files at 300 x 300 dpi resolution and 8.5 x 11 inch page size; provided, however, if a color image is produced in black and white, we reserve the right to request Producing Party to produce the original, color image, as single page, color Joint Photographic Experts Group (.JPEG or .JPG) file.

    b. The appropriate load/unitization files in accordance with attached Exhibit A and consistent with the specifications for such files set forth in Section 5, below (NOTE: we reserve the right to request reproduction of load/unitization files where improper unitization is excessive).

    c. A unique Bates number shall be assigned to each page, and branded in the lower right-hand corner of the page, but shall not obscure any part of the underlying image.

    d. Any proper confidentiality or other endorsements shall be branded on the lower left-hand corner of the page, and shall not obscure any part of the underlying image.

    e. All single page static image file names should match the unique Bates number assigned to and branded on the static image as provided above.

    f. We request the Producing Party also produce searchable optical character recognition ("OCR") text of scanned paper documents consistent with the specifications for Searchable Text set forth in Section 4, below.

2. Production of ESI in Native File Format

    To the extent we have requested the production of documents maintained in the ordinary course of business as ESI in the following forms, we request the following ESI be produced in its native file format:

    - Spreadsheet formatted document (e.g., Microsoft Excel Files)
    - Presentation formatted documents (e.g., Microsoft PowerPoint Files)
    - Photographic or graphics images, video or audio files (non-trivial) (e.g., .jpg, .jpeg, .raw, .png, .dwg, .mp3, .mpeg, .avi, .dvi Files)
    - Transferable databases (e.g., Microsoft Access Files)
    - Project tracking documents (e.g., Microsoft Project)

    Any produced native file should include a unique Bates number.

    For each produced native file, we request you produce a static image placersheet indicating the unique Bates number for the corresponding native file and stating that the document was produced in native format. The extracted text for the native file

should be included in the production of Searchable Text consistent with the specifications in Section 4, below.

3. <u>Production of ESI as Static Images</u>

   To the extent we have requested the production of documents maintained in the ordinary course of business as ESI, but not in a native file format specified in Section 2, above, or for ESI that needs to redacted in accordance with Section 7, below, we request any such documents be produced as static images in the following format:

   a. Single page Black & White, Group 4 Tagged Image File Format (.TIF or .TIFF) files at 300 x 300 dpi resolution and 8.5 x 11 inch page size; provided, however, if a color image is produced in black and white, we reserve the right to request Producing Party to produce the original, color image, as single page, color Joint Photographic Experts Group (.JPEG or .JPG) file.

   b. The appropriate load/unitization files in accordance with attached Exhibit B and consistent with the specifications for such files set forth in Section 5.

   c. A unique Bates number shall be assigned to each page, and shall be branded in the lower right-hand corner of the page, but shall not obscure any part of the underlying image.

   d. Any proper confidentiality or other endorsements shall be branded on the lower left-hand corner of the page, and shall not obscure any part of the underlying image.

   e. All single page static image file names should match the unique Bates number assigned to and branded on the static image as provided above.

   f. We request the production of extracted text from the native file consistent with the specifications for Searchable Text set forth in Section 4, below.

   Certain types of electronic files such as system and program files, as well as structured databases, may not be amenable to conversion into a meaningful static image or easily produced in native file format. The parties shall timely meet and confer to discuss the reasonable means for the production of such files in accordance with Rule 34. If necessary, any such relevant and responsive, but non-convertible files, may be temporarily produced in the form of a placeholder TIFF image.

4. <u>Production of Searchable Text</u>

   We request the production ESI with multi-page searchable extracted text.

   For ESI from which text cannot be extracted, or from paper documents, we request multi-page OCR text to be produced.

   We request such extracted text or OCR text be produced on a document level as .TXT files, with the .TXT filename matching the Bates number applied to the first page of the corresponding static image file or placeholder file, followed by the .TXT extension.

   We request that for files containing foreign, non-English, language text, such text be produced in standard encoded 8-bit Unicode Transformation Format (UTF-8).

5. <u>Production of Load/Unitization Files</u>

   We request the production of two load/unitization files with all productions:

   a. **Metadata Import File**: DAT format, in ASCII format, using Concordance default delimiters to separate the fields and records.

   b. **Image Cross-Reference File**: Standard Opticon delimited file in .OPT format, containing the corresponding image information and indicating page breaks.

   Only one Metadata Import File and (if appropriate) one Image Cross-Reference File should be included with each production.

   The Metadata Import File should contain the metadata fields detailed and described in Exhibit A and/or Exhibit B, as appropriate. We request the CUSTODIAN field be populated for all produced ESI and paper documents.

6. <u>Processing Specifications</u>

   When processing ESI, we request GMT -5 be selected as the time zone.

   When processing ESI for production as a static image, we request "Auto Date" be forced off, and "hidden columns or rows", "hidden worksheets", "speaker notes", "track changes", and "comments" be forced on.

7. <u>Redactions</u>

   In the event an ESI file needs to be redacted to remove information that is appropriately subject to protection from production in accordance with any applicable rule or order, that ESI file may be converted to a static image consistent with the specifications in Section 3, above; provided however, the parties agree to meet and confer concerning the redaction of spreadsheets and any other native ESI that would be not be reasonably usable if produced as static images. Clearly visible redactions should be applied to the static image. Any extracted text should be appropriately redacted, with searchable text provided for the remaining non-redacted portions of the document consistent with the specifications in Section 4, above.

8. <u>Deduplication</u>

   We request that prior to production, de-duplication of documents be performed globally across the entire ESI collection. A list of all custodians who were in possession of the document, including those whose copy of the document was removed during de-duplication, should be placed in the CUSTODIAN_DUPLICATE field, with each entry separated by a semi-colon (;) character, as set forth in Exhibit B. We further request that deduplication be performed on a family level.

**EXHIBIT A**

**Fields for Production of Paper Documents Converted to Static Images**

Note: Field names may vary depending. The chart below describes the fields to be produced with the Load / Unitization Files in generic, commonly used terms. We request any ambiguity about the below Fields be discussed with us prior to processing.

| Field | Definition |
| --- | --- |
| CUSTODIAN | Name of person from whose files the document is produced |
| BEGBATES | Beginning Bates Number (production number) |
| ENDBATES | End Bates Number (production number) |
| BEGATTACH | First Bates number of family range (i.e. Bates number of the first page) |
| ENDATTACH | Last Bates number of family range(i.e. Bates number of the last page of the last attachment) |
| PGCOUNT | Number of pages in the document |
| FOLDER | List any file folder information or other identifier associated with organization of the document by the custodian |
| BOX | If stored or collected in boxes, list Box number/ID |

**Exhibit B**

**Fields for Production of ESI**

Note: Field names may vary depending. The chart below describes the fields to be produced with the Load / Unitization Files in generic, commonly used terms. We request any ambiguity about the below Fields be discussed with us prior to processing.

| Field | Doc Type | Definition |
|---|---|---|
| CUSTODIAN | All | Name of person from whose files the document is produced |
| CUSTODIAN_DUPLICATE | All | Custodian, plus any additional Custodian(s) who had a duplicate copy removed during global de-duplication,(with each Custodian separated by a semicolon (;) character) |
| BEGBATES | All | Beginning Bates Number (production number) |
| ENDBATES | All | End Bates Number (production number) |
| BEGATTACH | All | First Bates number of family range (i.e. Bates number of the first page) |
| ENDATTACH | All | Last Bates number of family range(i.e. Bates number of the last page of the last attachment) |
| PGCOUNT | All | Number of pages in the document |
| ATTACHCOUNT | All | Number of attachments to an email |
| ATTACHNAME | All | Name of each individual attachment |
| FILESIZE | All | File Size |
| FILETYPE/APPLICATION | All | Application used to create document |
| FILEEXT | All | File extension of the native file (e.g., XLS, DOC, PDF) |
| FILEPATH | eDocs | File source path for all electronically collected documents, which includes location, folder name |
| FILENAME | eDocs | File name of the original electronically collected documents |
| RECORDTYPE | All | Descriptive field created by the vendor processing software (e.g. email, edoc, image, attachment) |
| HASHVALUE | All | MD5 Hash or SHA Value created during processing |
| MAILSTORE | eMail | Original path of mail store |
| MSGID | eMail | Hash Value created by mail application and contained in native file |
| CONVERSATION_INDEX | eMail | Email thread identifier |
| FROM | eMail | Sender of email |
| TO | eMail | Recipient of email |
| CC | eMail | Additional Recipients of email |
| BCC | eMail | Blind Additional Recipients of email |
| SUBJECT | eMail | Subject line of email |
| SENSITIVITY | eMail | Sensitivity field extracted from native email message or other Outlook item. |
| DATESENT (mm/dd/yyyy) | eMail | Date Sent |
| TIMESENT | eMail | Time Sent |

| | | |
|---|---|---|
| DATERCVD (mm/dd/yyyy) | eMail | Date Received |
| TIMERCVD | eMail | Time Received |
| TITLE | eDoc | Title field value extracted from the metadata of the native file. |
| AUTHOR | eDoc | Creator of a document |
| DATECRTD (mm/dd/yyyy) | eDoc | Creation Date |
| TIMCRTD | eDoc | Creation Time |
| LASTAUTHOR | eDoc | Last Saved field contained in the metadata of the native file |
| LASTMODD (mm/dd/yyyy) | eDoc | Last Modified Date |
| LASTMODT | eDoc | Last Modified Time |
| NATIVEFILELINK | All | For documents provided in native format |
| TEXTPATH | All | File path for OCR or Extracted Text files |